■ While it is true that words alone may provoke a difficulty, they must clearly be designed to do so. The State would have us take judicial knowledge of the colloquial meaning of the expression "man for man." This we cannot do. Without any testimony in the record as to the meaning commonly given such expression in the community involved in the prosecution, we are powerless to read into such expression something not apparent on its face.

■ The record before us would not support a finding by the jury that appellant's statement, "Come here Andrew, we are going to talk this over man for man," caused or was calculated to cause the deceased to make an attack upon appellant with a pistol, nor would the evidence support a finding by the jury that appellant made the remark with the intent to provoke an attack by the deceased which would afford appellant an apparent excuse to kill him.

The judgment is reversed and the cause remanded.

No attorney on appeal for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

BELCHER, Commissioner.

Appellant was convicted for the felony offense of driving an automobile upon a public highway while intoxicated, and his punishment was assessed at four months in jail and a fine of $500.

The indictment and all matters of procedure appear regular. The record is before us without a statement of facts or bills of exception, in the absence of which nothing is presented for review.

The judgment of the trial court is affirmed.

Opinion approved by the Court.